UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARC WILSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17CV4 HEA |
| JAYNA STEVENSON, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of defendant Jayna Stevenson to dismiss the complaint filed by plaintiff Marc Wilson, a Missouri state prisoner who is proceeding herein *pro se* and *in forma pauperis*. For the reasons explained below, the motion will be granted, and this case will be dismissed, without prejudice, due to the lack of jurisdiction.

**Background**

The underlying facts and procedural history are well known to the parties, and are fully set forth in this Court's September 13, 2018 Order. However, following is a brief recitation. Plaintiff brought this action against defendant, a former girlfriend, alleging she engaged in wrongdoing after he gave her power of attorney over his financial affairs and assets. Plaintiff asserted that this Court's jurisdiction was based upon 28 U.S.C. § 1332, because the parties were completely diverse and the amount in controversy exceeded $75,000. He also stated, without explanation, that this Court had original jurisdiction over his claims pursuant to 28 U.S.C. § 1343. However, he alleged no civil rights violations.

Defendant moved to dismiss for lack of subject matter jurisdiction, arguing that plaintiff could not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a). In support,

plaintiff filed her sworn affidavit accompanied by numerous exhibits directly refuting plaintiff's damages claims. Plaintiff's affidavit and exhibits were fully discussed in this Court's September 13, 2018 Order, and that discussion will not be reproduced here. After the motion to dismiss was filed, plaintiff filed a response to an earlier-filed Disclosure of Organizational Interests Certificate that bore the caption of a different case, arguing that defendant was attempting to mislead and distract the Court. However, as noted in this Court's September 13, 2018 Order, it appeared the Certificate had been filed in this case due to a mere clerical error. Plaintiff filed nothing specifically directed to defendant's motion to dismiss, nor did he attempt to offer any evidence tending to establish his alleged damages.

On September 13, 2018, this Court entered an Order directing plaintiff to show, by a preponderance of the evidence, that the amount in controversy alleged in the complaint was greater than $75,000, for purposes of determining the existence of subject matter jurisdiction. The Court noted that if plaintiff believed there was some other basis for this Court's jurisdiction, he should so assert. The Court specifically cautioned that plaintiff's failure to timely comply with the Order would result in the dismissal of this case for lack of subject matter jurisdiction, without further notice. The Court held defendant's motion to dismiss in abeyance to allow plaintiff time to respond. Plaintiff's response was due to the Court no later than October 15, 2018. However, as of the date of this Order, plaintiff has neither responded to the Court, nor sought additional time to do so.

## Discussion

Federal district courts are courts of limited jurisdiction. Their power to adjudicate is limited to that granted by Congress and statute. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

(1994). Congress has granted district courts original jurisdiction in civil actions between citizens of different states, when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009).

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936); *Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

In the case at bar, plaintiff offered his own allegations in an attempt to meet his burden of establishing his claim of diversity jurisdiction, and defendant challenged plaintiff's allegations of the amount in controversy. When plaintiff offered nothing in response, the Court ordered him to show, by a preponderance of the evidence, that the amount in controversy he alleged was greater than the jurisdictional amount, or to assert some other basis for this Court's jurisdiction. Again, plaintiff offered no response. After the defendant challenged plaintiff's statement of diversity jurisdiction, it was up to plaintiff to show by a preponderance of evidence that such jurisdiction exists. *See id.* He failed to do so. He also failed to demonstrate any other basis for this Court's jurisdiction, and no such basis is apparent. Therefore, the Court has no choice but to conclude it lacks subject matter jurisdiction over plaintiff's complaint, and also that there is no other basis for jurisdiction. The Court will therefore dismiss this case for want of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jayna Stevenson's Motion to Dismiss (Docket No. 28) is **GRANTED** to the extent defendant seeks dismissal of this case due to lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice due to lack of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of October, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE